# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 3, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| KELSEY DOBBS, on behalf of S.S., | * | |
| a minor child, | * | |
| | * | |
| Petitioner, | * | No. 21-2073V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Diphtheria- |
| AND HUMAN SERVICES, | * | Tetanus-Acellular Pertussis ("DTap"), |
| | * | *Haemophilus influenzae* B ("Hib"), |
| Respondent. | * | Inactivated Poliovirus ("IPV"), |
| | * | Pneumococcal conjugate ("PCV"), Hepatitis |
| | * | B ("Hep B") Vaccines; Lipodystrophy. |
| * * * * * * * * * * * * * * | * | |

Diana Lynn Stadelnikas, Mctlaw, Sarasota, FL, for Petitioner.
Felixia Langel, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On October 26, 2021, Kelsey Dobbs ("Petitioner"), on behalf of S.S., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleges that S.S. suffered lipodystrophy as the result of, or significantly aggravated by, Pentacel (diphtheria-tetanus-acellular pertussis ("DTaP")-*Haemophilus influenzae* B ("Hib")-inactivated poliovirus

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

("IPV")), pneumococcal conjugate ("PCV"), and/or hepatitis B ("Hep B") vaccinations administered on November 25, 2019. Petition at 1, 4 (ECF No. 1).

On December 2, 2025, the parties filed a stipulation recommending an award of compensation to Petitioner.[3] Stipulation (ECF No. 104). Respondent denies that S.S.'s alleged injury or its residual effects were caused-in-fact by the DTaP, Hib, Hep B, IPV, and PCV vaccines; denies that the DTaP, Hib, Hep B, IPV, and PCV vaccines caused any other injury or condition; and denies that S.S.'s current condition is a sequela of a vaccine-related injury. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.[4] The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**(1) An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"); and**

**(2) A lump sum of $956.51 representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Oklahoma, in the form of a check payable jointly to Petitioner and the Oklahoma Health Care Authority:**

> Oklahoma Health Care Authority
> Member ID# B32508073
> Case# 1053867
> 4345 N. Lincoln Boulevard
> Oklahoma City, OK 73105

**Petitioner agrees to endorse this check to the Oklahoma Health Care Authority.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

---

[3] Respondent initially filed a stipulation on October 22, 2025. Stipulation (ECF No. 93). The undersigned issued a Decision based on Stipulation on October 23, 2025, and judgment entered on October 31, 2025. Decision dated Oct. 23, 2025 (ECF No. 94); Judgment (ECF No. 96). On November 6, 2025, Respondent filed a joint motion for relief from judgment. Mot., filed Nov. 6, 2025 (ECF No. 98). The parties reported that the October 22, 2025 stipulation contained an error and requested that Respondent be permitted to file a corrected stipulation. Id. The undersigned granted Respondent's motion, vacated the judgment, withdrew the Decision based on Stipulation, and struck the October 22, 2025 stipulation. See Order dated Nov. 7, 2025 (ECF No. 99). On December 2, 2025, Respondent filed the corrected stipulation. Stipulation (ECF No. 104).

[4] The Nintex AssureSign e-signature form has been omitted from Appendix A.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

s/Nora B. Dorsey  
Nora B. Dorsey  
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KELSEY DOBBS, on behalf of S.S., a minor child, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 21-2073V <br> Special Master Dorsey <br> ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Kelsey Dobbs ("petitioner"), on behalf of S.S., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.S.'s receipt of diphtheria, tetanus, acellular pertussis ("DTaP"), *Haemophilus influenzae* B ("Hib"), hepatitis B ("Hep B"), inactivated poliovirus ("IPV"), and pneumococcal conjugate ("PCV") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. S.S. received the DTaP, Hib, Hep B, IPV, and PCV vaccines on November 25, 2019.

3. The vaccines were administered within the United States.

4. Petitioner alleges that S.S. suffered lipodystrophy that was caused-in-fact by the DTaP, Hib, Hep B, IPV, and PCV vaccines. Petitioner further alleges that S.S. suffered the residual effects of her alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on S.S.'s behalf as a result of the alleged injury.

6. Respondent denies that S.S.'s alleged injury or its residual effects were caused-in-fact by the DTaP, Hib, Hep B, IPV, and PCV vaccines; denies that the DTaP, Hib, Hep B, IPV, and PCV vaccines caused any other injury or condition; and denies that S.S.'s current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1] and
>
> b. A lump sum of $956.51[2] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of Oklahoma, in the form of a check payable jointly to petitioner and the Oklahoma Health Care Authority:

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oklahoma may have against any individual as a result of any Medicaid payments the State of Oklahoma Medicaid Program has made to or on behalf of S.S. as a result of the alleged vaccine-related injury suffered on or about November 25, 2019, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

2

Oklahoma Health Care Authority
Member ID# B32508073
Case # 1053867
4345 N. Lincoln Boulevard
Oklahoma City, OK 73105

Petitioner agrees to endorse this check to the Oklahoma Health Care Authority.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of S.S., pursuant to which the Life Insurance Company will agree to make payments to petitioner as follows:

   a. A guaranteed lump sum payment of $25,000.00 to be paid on May 24, 2037: and,

   b. A guaranteed lump sum payment of $25,000.00 to be paid on June 24, 2037.

Both lump sum payments will be equally adjusted, up or down, at the time of funding, so that the premium cost to the Vaccine Program will be neither higher nor lower than $30,000.00.

The payments provided for in this paragraph shall be made as set forth above. Should S.S. predecease the exhaustion of any guaranteed payments set forth above, any remaining

guaranteed payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.S.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner, S.S., and S.S.'s heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of S.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioner represents that she presently is or, if necessary, will become authorized to serve as guardian/conservator of S.S.'s estate as may be required under the laws of the State of Oklahoma.

18. In return for the payments described in paragraphs 8 and 13, petitioner, in her individual capacity and as a legal representative of S.S., on behalf of petitioner, S.S., and S.S.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and

unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions, or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.S. resulting from, or alleged to have resulted from, the DTaP, Hib, Hep B, IPV, and PCV vaccines administered on November 25, 2019, as alleged in a petition for vaccine compensation filed on or about October 26, 2021, in the United States Court of Federal Claims as petition No. 21-2073V.

19. If S.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Hib, Hep B, IPV, and PCV vaccines caused S.S.'s alleged injury or any other injury or condition; or that S.S.'s current condition is a sequela of a vaccine-related injury.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of S.S.

**END OF STIPULATION**

/
/
/

Respectfully submitted.

PETITIONER:



KELSEY DOBBS, on behalf of S.S.,
a minor child

ATTORNEY OF RECORD FOR
PETITIONER:

DIANA L. STADELNIKAS
MCTLAW
1515 Ringling Boulevard, Suite 700
Sarasota, FL 34236
dstadelnikas@mctlaw.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

George R. Grimes -S16
Digitally signed by George R. Grimes -S16
Date: 2025.11.17 09:57:30 -05'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

Heather L. Pearlman
by auras B Babz

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

FELICIA D. LANGEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 451-7659
felicia.d.langel@usdoj.gov

Dated: 12/2/25

8